UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN O'DOHERTY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos. 05 C 3639, 05 C 3995 |
| ) | |
| UNITED STATES OF AMERICA, ) | Judge Rebecca R. Pallmeyer |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Kevin O'Doherty has petitioned to quash several third-party administrative summonses issued by the Internal Revenue Service ("IRS") in connection with an investigation into O'Doherty's federal income tax liabilities for the years 1999 through 2004. The United States seeks to dismiss the petitions, arguing that the summonses comply fully with the requirements of 26 U.S.C. §§ 7603 and 7609. O'Doherty disagrees and asks the court to conduct an evidentiary hearing to determine the validity of each summons. For the reasons set forth here, the motions to dismiss are granted and the motion for an evidentiary hearing is denied.

## BACKGROUND

Special Agent Brenda Euell of the IRS's Criminal Investigation Division is conducting an investigation to determine whether O'Doherty improperly failed to file federal income tax returns for the years 1999 through 2004, and whether he has "committed any offense in connection with the administration or enforcement of the internal revenue laws for those taxable periods." (Third Euell Aff. ¶ 2.) As part of her investigation, Special Agent Euell issued several administrative summonses compelling production of records relating to financial transactions with, or on behalf of, O'Doherty and several related entities.[1] On June 2, 2005, Special Agent Euell issued

---

[1] The "related entities" are described as Komodo Trading LLC; Venturistics Consultants LLC; The Futurcom Group LLC; KVC Enterprises UBTO; Meghan O'Doherty; and
(continued...)

summonses to the records custodians of Marketstaff, Inc., a corporation engaged in the business of providing employee services to other corporations, and REFCO, a foreign exchange and commodities broker. Between June 20 and June 25, 2005, Special Agent Euell issued nine additional summonses to Iowa Grain Co.; R.J. O'Brien & Associates; ADM Investor Services, Inc.; Cargill Investor Services; Rosenthal Collins Group; FIMAT USA, Inc.; MAN Financial Inc.; Chicago Mercantile Exchange; and Goldman Sachs Execution and Clearing.

On June 22, 2005, O'Doherty filed a Petition to Quash the two summonses issued to Marketstaff and REFCO (Case No. 05 C 3639). Shortly thereafter on July 11, 2005, O'Doherty filed a second Petition to Quash the nine summonses issued between June 20 and 25, 2005 (Case No. 05 C 3995). The United States has moved to dismiss both petitions, arguing that the court lacks subject matter jurisdiction over O'Doherty's challenge to the Marketstaff summons, and that O'Doherty failed to raise legitimate challenges to the remaining summonses as required under *United States v. Powell*, 379 U.S. 48 (1964). The cases were consolidated on August 31, 2005 and reassigned to this court the next day pursuant to Local Rule 40.4.

## DISCUSSION

The Secretary of the Treasury is authorized to summon the production of documents for "the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws." 26 U.S.C. § 7602(b). Where the summons seeks records relating to a third-party, the IRS must provide notice to that individual or entity, "accompanied by a copy of the summons which has been served." 26 U.S.C. § 7609(a). Though the United States is generally "immune from suit, save as it consents to be sued," *United States v. Dalm*, 494 U.S. 596, 608 (1990), § 7609(b) authorizes any person entitled to notice under subsection (a) "to begin a

---

[1](...continued)
Michelle O'Doherty. (Marketstaff Summons, Ex. 1 to Euell Aff., Ex. A to The United States' Memorandum in Support of Motion to Dismiss Petition to Quash IRS Summons and for Summary Denial of Petition to Quash IRS Summons (hereinafter "Def. Mem., at __.")

2

proceeding to quash such summons." 26 U.S.C. § 7609(b). *See also Barmes v. United States*, 199 F.3d 386, 388 (7th Cir. 1999) ("An action to quash an IRS summons is a suit against the United States" requiring a waiver of immunity).

O'Doherty claims that the IRS did not serve him with proper notice of the administrative summonses, and issued all of them in bad faith.

I. **The Marketstaff Summons**

The United States concedes that it did not provide O'Doherty with notice of the summons issued to Marketstaff, but insists that no such notice was required. The limited waiver of sovereign immunity under § 7609(b) does not apply to any summons

(E)(i)  issued by a criminal investigator of the Internal Revenue Service in connection with the investigation of an offense connected with the administration or enforcement of the internal revenue laws; and

(ii)  served on any person who is not a third-party recordkeeper (as defined in section 7603(b)).[2]

26 U.S.C. § 7609(c)(2)(E). That is, a summons that satisfies both of these provisions is not subject to the notice requirements or a proceeding to quash. The United States claims that the Marketstaff summons falls under this exception because (1) Special Agent Euell, a criminal investigator for the IRS, issued the summons in connection with an investigation that "included an inquiry into the commission of an offense connected with the administration or enforcement of the internal revenue laws,"[3] and (2) Marketstaff does not qualify as a third-party recordkeeper. (Def. Mem., at 5.) O'Doherty disputes the second claim, insisting that Marketstaff is an accountant. (Pl. Resp., at 2.)

---

[2]  Under § 7603(b), a "third-party recordkeeper" includes any consumer reporting agency, broker, attorney, accountant, and regulated investment company. 26 U.S.C. § 7603(b).

[3]  The fact that Special Agent Euell's investigation also included an examination into the correctness of O'Doherty's federal income tax returns does not defeat application of the exception. *See, e.g., Barmes*, 199 F.3d at 388 (rejecting argument that "a dual-purpose summons cannot fall within the notice exception" of § 7609(c)(D)).

3

Marketstaff describes itself as a "Human Resource Solution" that "assumes the legal responsibility and administrative burden of payroll, payroll taxes, and employee benefits" on behalf of business clients. (http://www.marketstaff.com.) O'Doherty correctly notes that Marketstaff also provides bookkeeping services, but the regulations make clear that this does not render Marketstaff an "accountant" for purposes of § 7609. "A person is an 'accountant' under 7609(a)(3)(F) for purposes of determining whether that person is a third-party recordkeeper if the person is registered, licensed, or certified under State law as an accountant." 26 C.F.R. § 301.7609-2(a)(1). Although Marketstaff purportedly works "under the supervision of a certified accountant" (who, so far as the court is aware, may not even be employed by Marketstaff), it is obvious that accounting is not its business. Instead, according to its website, Marketstaff will "prepare general ledgers, financial statements, payroll, payroll taxes, handle accounts receivable/accounts payable and income tax preparation." (http://www.marketstaff.com/bookkeeping.htm.) Thus, Marketstaff does not qualify as a third-party recordkeeper under § 7609(c), O'Doherty was not entitled to notice of the summons, and the limited waiver of immunity under § 7609(b) does not apply. Absent such a waiver, the court lacks jurisdiction over O'Doherty's petition to quash. *See Macklin v. United States*, 300 F.3d 814, 819 (7th Cir. 2002) ("To maintain a viable claim against the United States in federal court, . . . the plaintiff not only must identify a statute that confers subject matter jurisdiction on the district court but also a federal law that waives the sovereign immunity of the United States to the cause of action.")

## II. The Additional Summonses

O'Doherty acknowledges receiving notice of the ten remaining summonses but argues that the IRS failed to provide him with signed and attested copies as required by 26 U.S.C. §§ 7603 and 7609. (*See* Petition to Quash, Case No. 05 C 3639, ¶13; Petition to Quash, Case No. 05 C 3995, ¶ 36.) Most courts have rejected this argument, however, and found that "§ 7609 requires only that

4

taxpayers be served with copies, not attested copies, of the summonses served on third-party recordkeepers." *Kondik v. United States*, 81 F.3d 655, 657 (6th Cir. 1996). *See also Fortney v. United States*, 59 F.3d 117, 121 (9th Cir. 1995) ("§ 7609 does not require service of an attested copy of a summons on the taxpayer, only a copy of the summons."); *Codner v. United States*, 17 F.3d 1331, 1333 (10th Cir. 1994) (same). *Cf. Mimick v. United States*, 952 F.2d 230 (8th Cir. 1991) (holding, without explanation, the § 7603 requires that the served copy of a third-party summons be attested). Even assuming attested notice is required, O'Doherty has not suggested how the failure to provide attested notice has misled or prejudiced him. *See Miller v. United States*, 202 F.3d 274 (Table) (7th Cir. 1999) (declining to decide whether attested notice is required, but finding unattested notice sufficient where the plaintiff was not misled). Indeed, O'Doherty filed timely petitions to quash the summonses. Thus, any lack of attestation is not a basis for quashing the summonses.

O'Doherty next argues that the summonses must be quashed because the IRS has referred his case to the Department of Justice ("DOJ"). Section 7602(d) precludes the issuance or enforcement of a summons during the pendency of a "Justice Department referral." Such a referral is "in effect" if "the Secretary [of the Treasury] has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, [a] person for any offense connected with the administration or enforcement of the internal revenue laws." 26 U.S.C. § 7602(d)(2)(A)(i). O'Doherty concedes that he "has seen no actual referral for prosecution from the [DOJ]," but notes that on August 2, 2005, a grand jury issued two subpoenas relating to him. (Pl. Resp., at 3.) O'Doherty also cites *United States v. LaSalle Nat'l Bank*, 437 U.S. 298 (1978) for the proposition that the IRS may not issue an administrative summons where there is an "institutional commitment to prosecute." (Pl. Resp., at 3-4.)

5

In *LaSalle Nat'l Bank*, the Supreme Court held that IRS summonses issued solely for the purpose of a criminal investigation under the Internal Revenue Code were invalid under § 7602. At the time, § 7602

> bestowed upon the Service the authority to summon production for four purposes only: for "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . or collecting any such liability." Congress therefore intended the summons authority to be used to aid the determination and collection of taxes. These purposes do not include the goal of filing criminal charges against citizens.

437 U.S. at 317 n.18. With this in mind, the court stated:

> We shall not countenance delay in submitting a recommendation to the Justice Department when there is an institutional commitment to make the referral and the Service merely would like to gather additional evidence for the prosecution. Such a delay would be tantamount to the use of the summons authority after the recommendation and would permit the Government to expand its criminal discovery rights.

*Id.* at 316-17. In a dissent, Justice Stewart and three other justices expressed their view that the IRS could issue summonses solely for criminal investigation purposes so long as the investigation had not been referred to DOJ for criminal prosecution. *Id.* at 319-21.

In 1982, Congress amended § 7602 to its current form. As explained earlier, § 7602 now (1) permits the IRS to issue summonses for "the purpose of inquiring into *any offense* connected with the administration or enforcement of the internal revenue laws"; but (2) dictates that "[n]o summons may be issued under this title . . . if a Justice Department referral is in effect." 26 U.S.C. § 7602 (emphasis added). *See also* Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. No. 97-248, § 333(a). Special Agent Euell confirms that she issued all of the administrative summonses by June 25, 2005, and that no Justice Department referral was in effect in this case prior to June 27, 2005. (Euell Aff. ¶ 12; Second Euell Aff. ¶¶ 4, 5.) O'Doherty has not offered any evidence to the contrary and, thus, has not established that the IRS acted in bad faith sufficient to quash the summonses. *See United States v. Particle Data, Inc.*, 634 F. Supp. 272, 277 (N.D. Ill. 1986) ("Section 7602(c) creates a 'bright line' test of good faith marked by the actual referral of a

case to DOJ, thus eliminating the difficult and problematic 'institutional posture' test of *LaSalle*.") For similar reasons, there is no need for an evidentiary hearing to determine "when an institutional commitment to prosecute commenced." (Pl. Resp., at 7.) *See also Particle Data*, 634 F. Supp. at 277 ("[T]here is nothing to discover . . . for the 'institutional posture' inquiry is now irrelevant.")

O'Doherty finally suggests that the summonses must be quashed because the United States has not satisfied the requirements of *United States v. Powell*, 379 U.S. 48 (1964). Under *Powell*, an administrative summons may be enforced if the IRS shows that (1) the investigation will be conducted pursuant to a legitimate purpose; (2) the inquiry may be relevant to the purpose; (3) the information sought is not already within the Secretary's possession; and (4) the administrative steps required by the tax code have been followed – i.e., the Secretary or his delegate, "after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect." *Id.* at 57-58. *See also United States v. Insurance Consultants of Knox, Inc.*, 187 F.3d 755, 759 (7th Cir. 1999) (noting that "[t]he *Powell* requirements impose only a 'minimal burden' on the agency" which "can usually be satisfied by an affidavit stating that the government has met them.")

As a preliminary matter, the court notes that the United States has moved to dismiss the petitions to quash without also seeking an order to enforce the summonses. Thus, the United States need not establish a prima facie case under *Powell*; instead, O'Doherty "must state and present a defense to the summonses before a district court will grant the petition to quash." *Jungles v. United States*, 634 F. Supp. 585, 586 (N.D. Ill. 1986). *See also Knauss v. United States*, 28 F. Supp. 2d 1252, 1254 (S.D. Fla. 1998) ("[T]he *Powell prima facie* test, which is applicable when the government seeks to enforce an IRS summons, does not apply where, as here, the government has moved to dismiss a petition to quash a summons.") Even assuming the United States is required to meet a prima facie burden under *Powell*, moreover, it has done so here. Special Agent Euell has submitted an affidavit certifying that the summonses were issued (1) in

connection with a legitimate IRS investigation, (2) to compel the production of relevant information, (3) not already within the IRS's possession, and (4) after satisfying the notice and service requirements of §§ 7603 and 7609(a). (Euell Aff. ¶¶ 3-9; Second Euell Aff. ¶¶ 2, 3, 5-9; Third Euell Aff. ¶¶ 2, 3.) *See Insurance Consultants of Knox*, 187 F.3d at 759. The IRS did not issue the administrative summonses in bad faith and the motions to dismiss O'Doherty's petitions to quash must be granted.

## CONCLUSION

For the reasons stated above, the United States' motions to dismiss the petition to quash the IRS summonses in Case No. 05 C 3639 (Docket No. 8) and for summary denial of the petition to quash the IRS summonses in Case No. 05 C 3995 (Docket No. 17) are both granted. O'Doherty's motion for an evidentiary hearing (Docket Nos. 19 and 21) is denied.

ENTER:

Dated: December 20, 2005

REBECCA R. PALLMEYER
United States District Judge